UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LUTHER WHITEFIELD BATEMAN, JR. | |
|     Debtor | CASE NO.:10-06206-8 -RDD |

| | |
|---|---|
| GEORGE MASON OLIVER, Chapter 7 )<br>    Trustee, )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>LOUIS EUGENE BATEMAN, ROBERT )<br>CHARLES BATEMAN, TIMOTHY ROSS )<br>BATEMAN, and CAROL BATEMAN )<br>COOPER )<br>    Defendants. ) | AP: 11-00397-8-RDD |

## MOTION TO DISMISS

Defendants, Carol Bateman Cooper and Timothy Ross Bateman, move the court to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, on the grounds that the factual allegations of the Complaint fail to state a claim upon which relief can be granted. In support of this motion, Defendants respectfully show the Court the following:

The Debtor filed bankruptcy August 4, 2010. The Debtor executed a North Carolina Warranty Deed on or about September 26, 2008, which gave property known as 106 Sanderlin Road, Shawboro, North Carolina (the "Property") to Louis Eugene Bateman, Robert Charles Bateman, Timothy Ross Bateman, and Carol Bateman Cooper, while retaining a life estate in the property "for and during the term of his life, or until such time as he shall cease to reside at the same for a period of twenty-four (24) months." This Deed was recorded On September 30, 2009 in the Currituck County Register of Deeds, Book 1064, Pages 26-28.

1

Plaintiff filed this adversary proceeding requesting the Court avoid the transfer of Property by the Debtor to the Defendants, or the alternative for an Order requiring the Defendants to pay the Debtor's bankruptcy estate the value of the Debtor's interest in the Property prior to the transfer. The Plaintiff seeks this relief under 11 U.S.C 548, 550, 551, and N.C. Gen. Stat. 39-23.4. The time to respond to the Complaint has not yet passed.

## STANDARD OF REVIEW

In the past several years, the United States Supreme Court has issued opinions in two cases that have heightened pleading standards. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), the Court held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." The Court clarified this standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), which provides that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. The allegations set forth in the complaint must be more than a "formulaic recitation of the elements of a cause of action." *Id*. at 1951. Furthermore, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949.

## ANALYSIS

Plaintiff seeks to set aside the transfer of the Property from the Debtor to the Defendants as a fraudulent transfer under 11 U.S.C. §548 and under N.C. Gen. Stat. § 39-23.4.

Section 548 provides that:
"The trustee may avoid any transfer … of an interest of the debtor in property…by the debtor, that was made or incurred on or within

> 2 years of the date of the filing of the petition, if the debtor voluntarily or involuntarily
>> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>> (B) (i) receive less than a reasonably equivalent value in exchange for such transfer or obligation;
>>> (ii) (I) was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>>> (II) was engaged in business or a transaction, or was about to engage in business or in a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>>> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>>> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business."

11 U.S.C. §548.

The Trustee appears to be proceeding under 11 U.S.C. § 548(b), but he fails to provide specific facts to support that claim. Specifically the Trustee provides no facts that any of the elements of 11 U.S.C. § 548(b)(ii)(I-IV) were met. Instead, the Trustee merely makes the conclusory statement that "Upon information and belief, the Debtor became insolvent as a result of the transfer of the Property to the Defendants." The Trustee fails to set forth any information as to the Debtor's financial status as of September 30, 2008 when the Deed was recorded or shortly thereafter.

There is nothing in the complaint or the record that provides any basis to find that the Debtor became insolvent as a result of the transfer. The Debtor's schedules list multiple unsecured creditors that appear to be credit cards and or lines of credit, and there is nothing that shows these debts existed on or about September 30, 2008. Instead, the Debtor could have

3

simply incurred these obligations after the Debtor transferred the Property. Furthermore, the Trustee failed to allege any information regarding the Debtors assets that he had as of September 30, 2008, other than the Property. Defendants believe that in addition to the Property, which the Debtor listed on his schedules as owning a life estate in, the Debtor owned and continues to own a small interest in two parcels of property in Currituck County with several other individuals, including the Defendants, which was not disclosed on the Debtor's schedules.  This additional property consists of about 120 acres.  Without specific facts showing the Debtor's actual debts and assets at the time the Property was transferred or shortly thereafter, the Trustee has not provided enough facts to state a claim to relief that is plausible on its face.  Instead, the Trustee has simply provided a "formulaic recitation of the elements of a cause of action," which is exactly what the Supreme Court has stated in not acceptable. As such, the Trustee's claim under 11 U.S.C. § 548 should be dismissed for failure to state a claim.

The separate cause of action for fraudulent conveyance, under N.C. Gen. Stat. § 39-23.4 should also be dismissed for failure to state a claim. North Carolina has adopted The Uniform Fraudulent Conveyance law which provides in part:

> **§ 39-23.4. Transfers fraudulent as to present and future creditors.**
>
> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
>   (1) With intent to hinder, delay, or defraud any creditor of the debtor; or
>
>   (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>     a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the

4

>> debtor were unreasonably small in relation to the business or transaction; or
>
>> b. Intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

> N.C. Gen. Stat. § 39-23.4(a).

> In support of the second claim for relief, the complaint merely states the following:

>> 19. The transfer of Property was intended to hinder, delay or defraud creditors.
>> 20. Upon information and belief, the Debtor became insolvent as a result of the transfer of the Property to the Defendants.
>> 21. The transfer of the Property to the Defendants represents a transfer by the Debtor to insiders.
>> 22. The Debtor received less than the reasonable equivalent value in exchange for the Property and as a result debts were incurred beyond the Debtor's ability to pay as they became due.

> Complaint, ¶19-22.

As to the Trustee's allegations that the transfer was intended to hinder, delay or defraud creditors, there are no facts set forth in the Complaint that would support this allegation. Furthermore, the Trustee's claim under N.C. Gen. Stat. § 39-23.4(a) is almost an identical claim as that set forth by him under 11 U.S.C. § 548. Therefore, just as the Trustee failed to plead the necessary facts as to the Debtor's alleged insolvency under the Bankruptcy Code, he also failed to set forth any information or facts that support his claim under North Carolina law. The Trustee's claim under N.C. Gen. Stat. § 39-23.4(a) should be dismissed for failure to state a claim.

The Trustee's third claim for relief relies on the Trustee being successful on at least one of the first two claims. In the event the Court finds that claims one and two should be dismissed for failure to state a claim, the Court should also find that claim three should also be dismissed since the Trustee would have no basis for recovery under the third claim.


WHEREFORE, the Defendants, Carol Bateman Cooper and Timothy Ross Bateman, pray the Court for an order dismissing this Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012. Furthermore, pursuant to Bankruptcy Rule 7012, no further responsive pleading to the Complaint is due until after notice of the Court's action on this Motion.

This 30th day of January, 2012.

                    Law Office of Stephen L. Beaman, PLLC

                    By:s/Jennifer K. Bennington
                    Jennifer K. Bennington, N.C. State Bar No.37180
                    Attorney for Timothy Bateman and Carol Cooper
                    P.O. Box 1907, Wilson, NC 27894-1907
                    Phone 252.237.9020 Fax 252.243.5174
                    email jbennington@beamanlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **MOTION TO DISMISS and NOTICE** was served on the following persons, on this date by mailing a copy of the said document to them at their addresses as shown below, by depositing the same in a postpaid, properly addressed wrapper in a Post Office or other official depository under the exclusive care and custody of the U.S. Postal Service or by CM/ECF, as indicated.

This 30th day of January, 2012.
                    Law Office of Stephen L. Beaman, PLLC
                    By:s/Jennifer K. Bennington
                    Jennifer K. Bennington, N.C. State Bar No. 37180
                    PO Box 1907, Wilson, NC 27894-1907
                    Phone 252.237.9020 Fax 252.243.5174
                    email jbennington@beamanlaw.com

SERVED ON:
Bankruptcy Administrator (via cm/ecf)

George Mason Oliver, Trustee, Plaintiff (via cm/ecf)

Luther Whitefield Bateman, Jr., Debtor
c/o Herbert T. Muller, Jr.
PO Box 365
Elizabeth City, NC  27907

Louis Eugene Bateman
445 Poplar Neck Road
Tyner, NC  27980

Robert Charles Bateman
707 Paul Street
Newport News, VA 23605.

Robert Charles Bateman
PO Box 1843
Newport News, VA  28601

Timothy Ross Bateman
106 Sanderlin Road
Shawboro, NC   27973

Carol Bateman Cooper
404 Main Street
Hertford, NC   27944

Herbert T. Muller, Jr.
Attorney for Debtor
PO Box 365
Elizabeth City, NC  27907

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

| | |
|---|---|
| IN RE:<br>**LUTHER WHITEFIELD BATEMAN, JR.**<br>    Debtor | **CHAPTER 7**<br><br>**CASE NO.:10-06206-8 -RDD** |

| | |
|---|---|
| **GEORGE MASON OLIVER, Chapter 7**<br>    **Trustee,**<br>    **Plaintiff**<br><br>vs.<br><br>**LOUIS EUGENE BATEMAN, ROBERT CHARLES BATEMAN, TIMOTHY ROSS BATEMAN, and CAROL BATEMAN COOPER**<br>    **Defendants.** | <br><br><br><br>**AP: 11-00397-8-RDD** |

**NOTICE OF MOTION**

The Defendants, Timothy Ross Bateman and Carol Bateman Cooper through their undersigned counsel have filed a Motion to Dismiss with the court.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought, or if you want the court to consider your views on the matter, then on or before **TWENTY-ONE (21) days**, after the date below, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

**Clerk, U.S. Bankruptcy Court, Eastern District of North Carolina**
**1760-A Parkwood Blvd.**
**Wilson, NC 27893-3564**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to: the undersigned attorney, debtor(s), debtor(s) attorney, trustee, Bankruptcy Administrator, and other parties in interest.

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought and may enter an order granting that relief.

8

9

This the 30th day of January, 2012

                                            Law Office of Stephen L. Beaman, PLLC
                                            By:<u>s/Jennifer K. Bennington</u>
                                            Jennifer K. Bennington, N.C. State Bar No. 37180
                                            PO Box 1907, Wilson, NC 27894-1907
                                            Phone 252.237.9020 Fax 252.243.5174
                                                    email jbennington@beamanlaw.com

Case 11-00397-8-RDD    Doc 8    Filed 01/30/12    Entered 01/30/12 14:06:19    Page 9 of 9