**SO ORDERED.**

**SIGNED this 02 day of April, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| LUTHER WHITFIELD BATEMAN, JR., | CHAPTER 7 |
| | CASE NUMBER: 10-06206-8-RDD |
| DEBTOR | |
| | |
| GEORGE M. OLIVER, TRUSTEE, | ADVERSARY PROCEEDING |
| | NUMBER: 11-00397-8-RDD |
| Plaintiff | |
| v. | |
| CAROL BATEMAN COOPER, LOUIS EUGENE BATEMAN, TIMOTHY ROSS BATEMAN; and ROBERT CHARLES BATEMAN | |
| Defendants. | |

**ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING, GRANTING ORAL MOTION FOR LEAVE TO AMEND COMPLAINT, AND SETTING DEADLINES FOR FILING AMENDED COMPLAINT AND RESPONSES THERETO**

Pending before the Court is the Motion to Dismiss Adversary Proceeding (the "Motion") filed by Carol Bateman Cooper and Timothy Ross Bateman (collectively hereinafter referred to as the "Movants") on January 30, 2012, and the Response to Motion to Dismiss (the "Response") filed

by the Chapter 7 Trustee (the "Trustee") on February 20, 2012. On March 14, 2012, the Court conducted a hearing on the Motion and the Response in Wilson, North Carolina.

Luther Whitfield Bateman, Jr. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 4, 2010. As of the petition date the Debtor owned real property described as 106 Sanderline Road, Shawboro, North Carolina (the "Property"). On September 26, 2008, the Debtor transferred his interest in the Property to Carol Bateman Cooper, Timothy Ross Bateman, Louis Eugene Bateman, and Robert Charles Bateman (collectively hereinafter referred to as the "Defendants.") by North Carolina General Warranty Deed. As of the petition date, the Debtor valued his interest in the Property to be approximately $186,000.00. Guardian Federal Credit Union held a mortgage on the Property in the amount of $15,395.99.

The Trustee commenced this adversary proceeding on December 30, 2011 with the filing of the complaint against the Defendants. The Trustee seeks in his complaint to avoid and recover fraudulent transfers relating to the transfer of the Debtor's Property to the Defendants on September 26, 2008 pursuant to 11 U.S.C. §§ 548; N.C. Gen. Stat. § 39-23.4; and 11 U.S.C. §§ 501 and 551. In the alternative, the Trustee seeks an order requiring the Movants to pay the Debtor's bankruptcy estate the value of the Debtor's interest in the Property prior to the transfer. The Trustee alleges that the Defendants paid little or no consideration to the Debtor for the transfer of his interest in the Property. Further, the Trustee alleges, the Defendants are children of the Debtor.

On January 30, 2012, the Movants filed a Motion to Dismiss, requesting the Court dismiss the Trustee's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

In response, the Trustee contends the complaint sets forth seven factual allegations which establish sufficient facts to state a claim of relief that is plausible on its face.

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Angell v. Ber Care, Inc.* (*In re Caremerica, Inc.*) 409 B.R. 737, 745 (Bankr. E.D.N.C. July 23, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007)). The heightened pleading standard as adopted in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to pleadings of preference actions. *Id.* at 750. There are "two working principles" upon which the heightened pleading standard rests:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 747 (quoting *Iqbal*, at 1949).

11 U.S.C. § 548(a)(1) allows the trustee to avoid fraudulent transfers of an interest of the debtor in property incurred within two years before the petition date. Section 548 provides in part:

> (a)(1) [t]he trustee may avoid any transfer . . . of an interest of the debtor in property, . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily- . . . .
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer . . . ."

The Movants contend that the Trustee fails to allege sufficient factual allegations to support a claim under 11 U.S.C. § 548 (a)(1)(B). Specifically, the Movants argue that as to the insolvency

3

requirement, the Trustee merely makes the conclusory statement that "[u]pon information and belief, the Debtor became insolvent as a result of the transfer of the Property of the Defendants."

To avoid a transfer under § 548(a)(1)(B), the debtor must be insolvent on the date that such transfer was made. *Callaway v. Novelli* (*In re Bouchard*) 2011 WL 110901 at *2 (Bankr. E.D.N.C. Jan. 12, 2011) Section 101(32)(A) provides that a debtor is insolvent when "the sum of such entity's debts is greater than all of such entity's property, at a fair valuation . . . ." *Id.* (citing 11 U.S.C. § 101(32)(A)).

The Trustee's complaint alleges, the Debtor "became insolvent as a result of the transfer of the Property to the Defendants." Although the complaint recites the elements of §548(a)(1)(B), it fails to provide factual support of these allegations. The complaint fails to provide basis to find that the Debtor became insolvent as a result of the transfer. The Trustee contends that it is a reasonable inference that the Court may draw that due to the loss of such value or the loss of approximately $170,000.00 in equity that existed in the Property, the Debtor was rendered insolvent as a result of the transfer. The Trustee requests the Court take judicial notice of the Debtor's Summary of Schedules, which is a matter of public record and filed on the docket in the Debtor's bankruptcy case. Even if the Court were to take judicial notice of the Debtor's schedules, there are no facts in the complaint supporting the Debtor's insolvency on or about the date of the transfer. The Debtor's assets and liabilities as indicated on the Schedules nearly two years subsequent to the date of the transfer cannot show that it is plausible the Debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer. The Schedules filed in the Debtor's bankruptcy case indicate that as of the petition date, the Debtor's assets totaled approximately $200,675.00 while the Debtor's liabilities totaled approximately $73,559.33. Schedule A lists a life estate in the Property

with a value of approximately $186,000.00. As for liabilities, the Debtor's schedules list approximately $29,181.98 in secured claims and approximately $44,377.35 in unsecured claims. The unsecured claims largely represent credit card debt. The complaint fails to provide factual allegations that these unsecured liabilities existed on or about September 26, 2008, the date of the transfer. The complaint does not provide sufficient facts showing the Debtor's actual assets and liabilities as they stood on the date the Property was transferred or shortly thereafter. These are the facts the Trustee should have pled in regard to the essential element of insolvency. Here, the statement that "the Debtor became insolvent as a result of the transfer of the Property to the Defendants" is a "conclusory statement [that] 'fail[s] to satisfy the requirements under *Iqbal*." *Groff v. JPMorgan Chase Bank, N.A.* ( *In re Groff* ) 2011 WL 6140744 at * 3 (Bankr. E.D.N.C. Dec. 9, 2011) (citing *Beaman v. Barth*, *et al. (In re Amerlink, Ltd.).* AP No. 10-00164-8-JRL at 8 (Bankr. E.D.N.C. Mar. 11, 2011)).

The Trustee's second claim for relief under N.C. Gen. Stat. § 39-23.4(a) is similar to the first claim for relief under 11 U.S.C. § 548. North Carolina has adopted the Uniform Fraudulent Transfer Act, which also recognizes fraudulent conveyances. "Under the Uniform Fraudulent Transfer Act, a transfer is fraudulent if made without receiving reasonably equivalent value; and, the debtor was either engaged in a business transaction for which the remaining assets of the debtor were unreasonably small in relation to the transaction, or the debtor knew debt incurred was beyond the debtor's ability to pay." *Beaman v. Barth*, (*In re Amerlink, LTD.*) AP No. 10-00164-8-JRL at 6 (Bankr. E.D.N.C. March 18, 2011) (citing N.C. Gen. Stat. § 39-23.4).

North Carolina General Statute § 39-23.4 provides:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) With intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> b. Intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

N.C. Gen. Stat. § 39-23.4(a).

As to the second claim for relief, the complaint alleges:

> 19. The transfer of the Property was intended to hinder, delay, or defraud creditors.
> 20. Upon information and belief, the Debtor became insolvent as a result of the transfer of the Property to the Defendants.
> 21. The transfer of the Property to the Defendants represents a transfer by the Debtor to insiders.
> 22. The Debtor received less than the reasonable equivalent value in exchange for the Property and as a result debts were incurred beyond the Debtor's ability to pay as they became due.

"To fully satisfy N.C. Gen. Stat. § 39-23.4, the plaintiff must . . . show that the transaction left the debtor under capitalized." *Beaman v. Barth*, (*In re Amerlink, LTD.*) AP No. 10-00164-8-JRL at 10. As discussed above, the complaint fails to allege sufficient facts to draw a reasonable inference that the Debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer. Further, the complaint fails to set forth sufficient facts supporting the allegation that the transfer was intended to hinder, delay or defraud creditors. Accordingly, the allegations made with respect to N.C. Gen. Stat. § 39-23.4 fail to satisfy the pleading requirements of Fed. R. Civ. Pro. 8(a).

The Trustee's third cause of action under 11 U.S.C. §§ 550 and 551 is contingent upon the Trustee being successful on either the first or second cause of action. If a transfer is avoided under

§ 548, the trustee may recover such property, from "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550.  Pursuant to 11 U.S.C. § 551, a transfer avoided under § 548, is automatically "preserved for the benefit of the estate."  11 U.S.C. § 551.  Because the Court finds that the Trustee has failed to satisfy the pleading requirements as to its first and second causes of action, the Trustee's third cause of action is also dismissed.

"These 'threadbare' recitals fall short of the heightened pleading requirements as enumerated by the United States Supreme Court in *Iqbal* and *Twombly* and as enunciated by this Court in *Ber Care, Inc.*"  *Groff*, 2011 WL 6140744 at 4. Because the Court finds the complaint fails to allege sufficient factual allegations as to the elements of a preference claim under 11 U.S.C. § 548; N.C. Gen. Stat. § 39-23.4; and 11 U.S.C. §§ 550 and 551, the Motion to Dismiss the Adversary Proceeding is   **GRANTED**, without prejudice for the Trustee to move for leave to amend his complaint. The Court grants the Trustee's oral motion for leave to amend.  The Court grants the Trustee twenty-one (21) days from the date of the entry of this order in which to file an amended complaint. Once the Trustee has filed an amended complaint, the Movants shall have twenty-one (21) days to file an answer or other responsive pleading.

    **SO ORDERED.**

**END OF DOCUMENT**